IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEMOYNE VENEY,                         *

    Petitioner,                    *          Civil Action No. RDB-14-2324

    v.                             *          Criminal Action No. RDB-11-0691

UNITED STATES OF AMERICA,              *

    Respondent.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Currently pending before this Court is the *pro se*[1] Petitioner Lemoyne Veney's ("Petitioner" or "Veney") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 132). Pursuant to a Plea Agreement with the Government (ECF No. 71), Petitioner pled guilty before this Court to Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349 (Count One) and Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A (Count Three).[2] Subsequently, this Court sentenced Veney to 27 months imprisonment as to Count One and 24 months imprisonment as to Count Three, to run consecutively for a total term of 51 months imprisonment, followed by five years supervised release. J., p. 2-3, ECF No. 104. Additionally, this Court ordered that Veney pay restitution in the amount of

[1] Currently pending before this Court is Petitioner's Motion for Appointment of Counsel (ECF No. 190). The United States Supreme Court has made clear that Petitioner has no *right* to counsel in this collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). An attorney will be appointed only where a *pro se* petitioner has established that "the interests of justice so require." 18 U.S.C. § 3006A(a). Petitioner has made no such showing. Furthermore, as discussed *infra*, Petitioner successfully represented himself at a March 9, 2017 hearing before this Court, at which time this Court granted his pending Motion to Vacate with respect to restitution. Accordingly, Petitioner's Motion for Appointment of Counsel (ECF No. 190) is DENIED.

[2] As discussed herein, Veney and Co-Defendants Theresa Smithrick, Kevin Pittman, and John Doe No. 1 (unidentified) were charged via an eight-count Sealed Indictment (ECF No. 1). In addition to Counts One and Three, Veney was also charged with Bank Fraud, in violation of 18 U.S.C. § 1344 (Count Two), although the Government subsequently dismissed that count pursuant to the Plea Agreement.

$87,928.16, jointly and severally with his Co-Defendants, but that his personal liability be capped at $70,000 pursuant to the Plea Agreement.  *Id.* at 6.  Petitioner has served his 51-month prison sentence and has now been released from custody.

This Court conducted a hearing on the pending Motion to Vacate on March 9, 2017.[3] For the reasons stated on the record, and further explained herein, Petitioner's Motion to Vacate (ECF No. 132) is DENIED IN PART AND GRANTED IN PART.  Specifically, the Motion is DENIED with respect to Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct (Grounds 1-6), but GRANTED to the extent Petitioner has sought a modification of this Court's Order of Restitution (Ground 7). Petitioner's individual restitution liability shall be reduced from $70,000.00 to $56,360.25.

## BACKGROUND

Petitioner Lemoyne Veney ("Petitioner" or "Veney") and Co-Defendants Theresa Smithrick, Kevin Pittman, and John Doe No. 1[4] were charged via an eight-count Indictment in connection with a scheme to defraud a series of financial institutions between November of 2007 and February of 2011.  *See* Plea Agreement, Factual Stipulation, Attach. A, ECF No. 71.  Veney was charged with Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349 ("Count One"); Bank Fraud, in violation of 18 U.S.C. § 1344 ("Count Two"); and Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A ("Count Three").  Indictment, ECF No. 1 [SEALED].  Subsequently, Veney entered into a Plea Agreement with the Government (ECF No. 71).  Pursuant to that Plea Agreement, Veney pled guilty before this Court to Counts One and Three, and the Government dismissed Count Two.  *See*

---

[3] Accordingly, Petitioner's pending Motion for Hearing (ECF No. 200) was GRANTED.
[4] John Doe is an unidentified co-conspirator of Veney.  *See, e.g.*, Arraignment Trans., p. 3, ECF No. 171.

Arraignment Minutes, ECF No. 70.  Additionally, Veney stipulated that the losses in this case were between $30,000 and $70,000.  Plea Agreement, ¶ 6(b), ECF No. 71.

At Veney's Arraignment, this Court thoroughly reviewed with Veney on the record the Plea Agreement he had entered into and the process by which his sentence would be determined.  Arraignment Trans., ECF No. 171.  Specifically, this Court confirmed with Veney that he had discussed the "whole situation" with his Plea Attorney[5] and that he was satisfied with his attorney's assistance.  *Id.* at p. 6.  Veney indicated that he had reviewed the Plea Agreement with his Plea Attorney and that his Plea Attorney had done everything he requested.  *Id.*  This Court further reviewed with Veney the appellate waiver in paragraph 18 of the Plea Agreement, noting that "both the [G]overnment and the defendant waive any appeal of a sentence that's within the advisory guideline range."  *Id.* at 18-19.   Finally, this Court reviewed with Veney the elements of the charged offenses, and Veney confirmed that he had committed the charged offenses as outlined in the Plea Agreement's Factual Stipulation.  *Id.* at 23, 33.

After engaging in this colloquy, this Court found Veney competent to enter a guilty plea and found that the plea was "supported by an independent basis in fact sustaining each of the essential elements of both offenses charged."  *Id.* at 34.  Additionally, although the Presentence Report initially recommended a *three level* "Offense Level" increase with respect to Veney's applicable sentencing guideline range for his role as the manager of a criminal activity involving at least five participants, this Court only imposed a *two-level* increase, based on a finding that the conspiracy involved less than five participants.  Am. Presentence

---

[5] Following his guilty plea, Veney requested that this Court appoint new counsel for sentencing.  A different court-appointed attorney (hereinafter "Sentencing Attorney") represented Veney at sentencing.

Report, ¶ 36, ECF No. 110.  Subsequently, this Court sentenced Veney to 27 months imprisonment as to Count One and 24 months imprisonment as to Count Three, to run consecutively for a total term of 51 months, a sentence within Veney's advisory sentencing guideline range.  J., p. 2, ECF No. 104.  This Court ordered that Veney pay restitution in the amount of $87,928.16, jointly and severally with his Co-Defendants, but that Veney's personal liability be capped at $70,000 pursuant to his Plea Agreement.  *Id.* at 6.  This Court further ordered that, upon release from prison, Veney remain on supervised release for a term of five years as to Count One and one year as to Count Three, to run concurrently for a total term of five years.  *Id.* at 3.  Veney has now served his 51-month prison sentence and has been released from custody, although he remains on supervised release.  Veney appeared before this Court for re-entry proceedings on December 15, 2016.

Currently pending before this Court is Veney's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 132).  In a series of supplemental filings, Veney has raised a total of seven arguments.  He argues ineffective assistance of counsel by both his Plea Attorney (Grounds 4 & 5) and Sentencing Attorney (Grounds 1-3). Additionally, Veney argues that the Government engaged in prosecutorial misconduct (Ground 6).  Finally, Veney specifically challenges the amount of his individual restitution liability, arguing that certain financial losses identified in Attachment A to his Plea Agreement were either miscalculated or should not have been attributed to him (Ground 7).

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washinton*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the Strickland test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

I.  <u>Petitioner's Claims Of Ineffective Assistance of Counsel With Respect To His Guilty Plea Are Without Merit</u>

Petitioner challenges the validity of his guilty plea, arguing that his Plea Attorney failed to advise him of the elements of the offenses with which he was charged or the potential sentencing enhancements he faced.  However, Petitioner's argument is without merit because he specifically indicated under oath at his Arraignment, and again at Sentencing, that he had freely and knowingly pled guilty and was satisfied with his attorney.

The United States Court of Appeals for the Fourth Circuit has long recognized that "in-court representations from the defendant are treated as conclusive with regard to the

validity of the plea and may not be controverted later….” *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996). “Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner’s sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false.” *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations omitted).

The elements of Bank Fraud Conspiracy (Count One) and Aggravated Identity Theft (Count Three) were clearly set out in the Indictment (ECF No. 1). Then, at his Arraignment, Veney confirmed on the record before this Court that he had reviewed the charges in the Indictment with his Plea Attorney and had “discussed the whole situation with him, including the evidence in the case, witnesses you would perhaps want to call if the case proceeded to trial, the possibility of a trial, and even an appeal if you were found guilty in this case.” Plea Trans., p. 6, ECF No. 171. This Court carefully read through the elements of Counts One and Three on the record with Veney. *Id.* at 22-23. Veney then stated on the record that he understood the elements of both offenses. *Id.*

At sentencing, this Court again specifically asked Veney if he and his Plea Attorney had “talked about the guidelines that apply in [his] case.” *Id.* at 14. Petitioner responded “[a]solutely.” *Id.* This Court then confirmed with Veney that he understood them. Finally, Veney specifically stated on the record that he was satisfied with his Plea Attorney’s performance. *Id.* at 6. For these reasons, Petitioner’s conclusory allegations as to the ineffective assistance of his Plea Attorney (Grounds 4 & 5) are without merit. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that conclusory statements in a § 2255 motion are

insufficient to warrant relief). Accordingly, Petitioner's Motion to Vacate (ECF No. 132) is DENIED with respect to those claims.

II.    <u>Petitioner's Claims Of Ineffective Assistance Of Counsel And Prosecutorial Misconduct With Respect To His Sentencing Are Without Merit</u>

As discussed *supra*, Petitioner has now served his 51-month prison sentence. Accordingly, the pending Motion is now moot to the extent Veney has sought to challenge the calculation of that prison term.   Additionally, Petitioner's allegations of ineffective assistance and prosecutorial misconduct with respect to sentencing are without merit. Petitioner objects that his Sentencing Attorney "failed to consult with [him] regarding the myriad of issues surrounding his desire to appeal" (Ground 1). *See, e.g.*, Veney Reply, p. 1, ECF No. 144.  He objects that his Sentencing Attorney failed to contest certain findings in the Presentence Report (Ground 2) and "failed to sever the conduct, losses, and victims associated with [John Doe No. 1] from [his own conduct]" (Ground 3).   Veney further contends that the Government engaged in prosecutorial misconduct with respect to findings in the Presentence Report and, ultimately, caused this Court to "miscalculate the proper sentencing guideline ranges" (Ground 6).

Petitioner's argument with respect to "his desire to appeal" is completely without merit.  As discussed *supra*, Petitioner waived his right to appeal pursuant to Paragraph 18 of the Plea Agreement.  At Veney's Arraignment, this Court specifically reviewed with Veney the appellate waiver in Paragraph 18 of the Plea Agreement, noting that "both the [G]overnment and the defendant waive any appeal of a sentence that's within the advisory guideline range."  *Id.* at 18-19.  Subsequently, Veney was in fact sentenced within his advisory guideline range.  Furthermore, email correspondence between Veney and his

Sentencing Attorney reveals that they did in fact discuss Veney's appellate rights. *See* Email, p. 11, ECF No. 132-1. In a Letter to Veney from his Sentencing Attorney, dated January 2, 2014, Veney's Sentencing Attorney reminds Veney of the appellate waiver in Paragraph 18 of the Plea Agreement and specifically states that Veney "told [him] not to appeal [Veney's] sentence as this would be a direct breach of [the] plea agreement." Letter, p. 2, ECF No. 132-3. Accordingly, Petitioner has failed to demonstrate ineffective assistance by his Sentencing Attorney with respect to a potential appeal (Ground 1).

With respect to the findings in the Presentence Report and Veney's liability for the various losses reported in this case, Veney specifically stipulated in the Plea Agreement that the losses in this case were between $30,000 and $70,000. Plea Agreement, ¶ 6(b), ECF No. 71. At his Arraignment, Veney stated on the record to this Court that he understood all of the terms of his Plea Agreement, and that he accepted those terms. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"). Additionally, as discussed *supra*, Veney's Sentencing Attorney did in fact challenge a proposed three level "Offense Level" increase with respect to Veney's applicable sentencing guideline range for Veney's role as the manager of a criminal activity involving at least five participants. Subsequently, this Court did reduce that proposed increase to a two-level increase, based on a finding that the conspiracy involved less than five participants. Am. Presentence Report, ¶ 36, ECF No. 110. For these reasons, Veney's claims of ineffective assistance by his Sentencing Attorney with respect to findings in the Presentence Report and his sentencing

guideline range (Grounds 1-3) are without merit.  Accordingly, Petitioner's Motion to Vacate (ECF No. 132) is DENIED with respect to those claims.

To the extent Veney claims prosecutorial misconduct, his claims are equally without merit.  Petitioner baldly alleges "clear and deliberate fraud" on the part of the Government with respect to findings in the Presentence Report, the calculation of his advisory sentencing guideline range, and this Court's Order of Restitution (Ground 6).  *See, e.g.*, Veney Reply, p. 2, ECF No. 144.  The United States Court of Appeals for the Fourth Circuit has held that " '[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice' " to establish prosecutorial misconduct.  *United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004) (quoting *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987)); *see also Dyess*, 730 F.3d at 359 ("vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.")).  Accordingly, Petitioner's Motion to Vacate (ECF No. 132) is DENIED with respect to those claims.[6]

III.   Petitioner Lemoyne Veney's Individual Restitution Liability Shall Be Reduced From $70,000.00 to $56,360.25

Finally, Petitioner contends that this Court has entered an "invalid ORDER OF RESTITUTION" (Ground 7).  .  As discussed *supra*, this Court has ordered that Veney pay restitution in the amount of $87,928.16, jointly and severally with his Co-Defendants, although his individual liability has been capped at $70,000.00, pursuant to the Plea Agreement.  J., p. 6, ECF No. 104; Plea Agreement, ¶ 6(b), ECF No. 71.  Veney now argues that his $70,000.00 individual restitution liability includes financial losses that were either

---

[6] However, as discussed *infra*, Petitioner's Motion to Vacate (ECF No. 132) is granted to the extent he has challenged specific losses that were applied to his individual restitution liability.  That individual restitution liability will be reduced as explained herein.

miscalculated or should not have been attributed to him in the first place. *See, e.g.*, Veney Aff., ¶ 68, ECF No. 136 ("The Government knowingly substituted different loss amounts from unrelated criminal activity, providing no individualized breakdown of these losses with named individuals, but still craftfully [sic] linked the conduct, losses, and victims to Petitioner.").

At the March 9, 2017 hearing, this Court heard argument from both Veney and the Government on this issue.  Having reviewed the loss amounts in this case, as documented in Attachment A to Petitioner's Plea Agreement (ECF No. 71), and for the reasons stated on the record, this Court shall reduce Veney's individual restitution liability as follows:

- Veney shall be liable for the $7,546.81 counterfeit business check deposited at a SunTrust Bank in Arundel Mills, Maryland on May 22, 2008, and identified in Paragraph 10 of Attachment A to the Plea Agreement;

- Veney shall not be liable for the $3,850.00 check deposited into his SunTrust Bank account on December 8, 2008 in Columbia, Maryland, purporting to draw on a Citibank account held by MS Metals and Commodities Group, Inc., a company owned by Veney, and identified in Paragraph 12 of Attachment A to the Plea Agreement;

- Veney shall not be liable for the $3,900.00 counterfeit check deposited into his SunTrust Bank account on December 9, 2008 and the $4,500.00 money card withdrawal, cashed checks in the amount of $520.00 and $3,200.00, and ATM cash withdrawals for over $200.00 and over $500.00 respectively from that account between December 9, 2008 and December 11, 2008, and identified in Paragraph 14 of Attachment A to the Plea Agreement;

- Veney shall be liable for additional counterfeit checks that his co-conspirators negotiated, identified in Paragraph 15 of Attachment A to the Plea Agreement, in the amount of $43,163.45;

- Veney shall be liable for the additional "purchases and amounts" obtained by Veney and Pittman through the use of counterfeit personal checks and identification documents, identified in Paragraph 16 of Attachment A to the Plea Agreement, in the amount of $5,649.99.

Accordingly, Petitioner's Motion to Vacate (ECF No. 132) is GRANTED to the extent he has sought a modification of this Court's Restitution Order (Ground 7). Veney's individual restitution liability shall be reduced to $56,360.25. This restitution amount shall be apportioned to the various victims in this case as follows:

- Harford County Victim Restitution Fund          $6,683.73
  Attention: Det. Warren Brooks
  45 South Main Street
  Bel Air, Maryland 21014

- SunTrust Bank                                    $4,918.66
  303 Peachtree Street, NE
  Atlanta, Georgia 30308

- Sandy Spring Bank                                $4,676.51
  17801 Georgia Avenue
  Olney, Maryland 20832

- Giant Food Corporation                           $40,081.35
  8301 Professional Place, Suite 115
  Landover, Maryland 20785

*See* Gov't Restitution Worksheet, ECF No. 202-1.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 132) is DENIED IN PART AND GRANTED IN PART. Specifically, the Motion is DENIED with respect to Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct (Grounds 1-6), but GRANTED to the extent Petitioner has sought a modification of this Court's Order of Restitution (Ground 7). Petitioner's individual restitution liability shall be reduced from $70,000.00 to $56,360.25.[7]

---

[7] In light of this Court's ruling on Petitioner's Motion to Vacate, Veney's pending Motion for Leave to Request Additional Time to File Reply to Government's Response (ECF No. 195) is now MOOT, and

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:          March 10, 2016

                                    _____/s/_____
                                    Richard D. Bennett
                                    United States District Judge

---

Veney's pending Motion for Leave to Request Documents and Request Court to Acknowledge Review of Document Sent to Judge Richard Bennett (ECF No. 196) is also MOOT.